UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------x
NANCY A DI CROCE,

                Plaintiff,

      -against-

WELLS FARGO BANK, N.A., FIDELITY
NATIONAL PROPERTY AND CASUALTY
INSURANCE CO., FIRST LIBERTY MUTUAL
ISURANCE COMPANY, JOHN DOES 1-25 and
JOHN DOE ENTITIES 1-25, (said names being
fictitious, it being the intention of Plaintiff to designate
any persons, corporations and/or entities involved in the
acts complained of herein),

                Defendants.
----------------------------------------------------------------x

**MEMORANDUM AND ORDER**

13-CV-1768 (SLT) (RLM)

**TOWNES, United States District Judge:**

      Plaintiff Nancy A. DiCroce ("Plaintiff") brings this diversity action against her

mortgagee, defendant Wells Fargo Bank, N.A. ("Wells Fargo" or "Bank") and two insurance

companies that insured her home (collectively, the "Insurers"), alleging breach of contract,

breach of the covenant of good faith and fair dealing, and violation of New York General

Business Law ("G.B.L.") § 349(a). Wells Fargo now moves to dismiss Plaintiff's claims

pursuant to Fed. R. Civ. P. 12(b)(6), arguing (1) that Plaintiff's First Amended Complaint does

not state a cause of action for breach of contract, (2) that the claim for breach of the covenant of

good faith and fair dealing is duplicative of the breach of contract claim, and (3) that the Bank's

alleged wrongdoing did not violate G.B.L. § 349. For the reasons set forth below, the motion is

granted to the extent that it seeks to dismiss the claims against the Bank for breach of the

covenant of good faith and fair dealing and for violation of G.B.L. § 349, but is denied in all

other respects.

## BACKGROUND

Except as otherwise indicated, the following facts are drawn exclusively from the First Amended Complaint (hereafter, the "Complaint") and are assumed to be true for purposes of this Memorandum and Order. Plaintiff, an elderly and disabled woman, is currently the owner and sole resident of premises located at 159-43 98th Street in Howard Beach, New York (the "Property") (Complaint, ¶ 1). Wells Fargo is mortgagee of the Property, pursuant to a Mortgage Agreement dated September 28, 2007 (*id.*, ¶ 2). The Complaint does not attach a copy of that Mortgage Agreement, but describes it with specificity, noting that it was "recorded in the Office of the City Register of the City of New York on November 16, 2007 ..." (*id.*).

In December 2010, Wells Fargo commenced a foreclosure action against Plaintiff in the Supreme Court of the State of New York, Queens County (*id.*). During the pendency of that action—which had yet to be resolved as of April 2013, when the Complaint was filed—the Property sustained damage on three separate occasions: first, in August 2011, by Hurricane Irene; second, in December 2011, by a negligent tenant; and third, in October 2012, by Hurricane Sandy (*id.*, ¶¶ 4-6). At the time of these incidents the Property was insured by one or both of the Insurers (*id.*, ¶¶ 8-11).

After each incident, Plaintiff filed timely claims and proofs of loss with one or both of the Insurers (*id.*, ¶¶ 16-18). Pursuant to these claims, the Insurers issued several checks (the "Insurance Proceeds") payable to Plaintiff and Wells Fargo as co-payees (*id.*, ¶¶ 20-26). On multiple occasions, Plaintiff, who had already paid for over $100,000 in repairs, (*id.*, ¶¶ 13-15), requested that the Bank endorse the checks to her (*id.*, ¶ 27). However, the Bank refused to release the Insurance Proceeds, leaving Plaintiff holding uncashed checks in the amount of $65,966 (*id.*, ¶ 27.)

2

On March 4, 2013, Plaintiff commenced an action against Wells Fargo and the Insurers in the Supreme Court of the State of New York, Queens County, which principally sought to compel the Bank to release its interest in the Insurance Proceeds. On April 2, 2013, one of the Insurers removed the action to this Court on diversity grounds. About two weeks later, after Wells Fargo and the other Insurer consented to removal, Plaintiff amended her pleading by filing the Complaint.

The Complaint contains six causes of action, the first three of which relate to Wells Fargo and the remaining three of which relate to the Insurers. By stipulations dated August 20, 2013, and July 17, 2014, Plaintiff dismissed her claims against the Insurers. Since Wells Fargo is the only defendant remaining in this case, this Court need only discuss the first three causes of action.

The first cause of action alleges that the Bank breached the terms of Paragraph 5 of the Mortgage (hereinafter "Paragraph 5"). In support of her claim, Plaintiff quotes the following portion of Paragraph 5:

> The amount paid by the insurance company for loss or damage to the Property is called "Insurance Proceeds." Unless Lender and I otherwise agree in writing, any Insurance Proceeds, whether or not the underlying insurance was required by Lender, will be used to repair or to restore the damaged Property unless: (a) it is not economically feasible to make the repairs or restoration; (b) the use of the Insurance Proceeds for that purpose would lessen the protection given to the Lender by this Security Instrument; or (c) Lender and I have agreed in writing not to use the Insurance Proceeds for that purpose. During the period that any repairs or restorations are being made, Lender may hold any Insurance Proceeds until it has had an opportunity to inspect the Property to verify that the repair work has been completed to Lender's satisfaction. However, this inspection will be done promptly. Lender may make payments for the repairs and restorations in a single payment or in a series of progress payments as the work is completed. Unless Lender and I agree otherwise in writing or unless Applicable Law requires otherwise, Lender is not required

3

to pay me any interest or earnings on the Insurance Proceeds. I will pay for any public adjusters or third parties that I hire, and their fees will not be paid out of the Insurance Proceeds. If the repair or restoration is not economically feasible or if it would lessen Lender's protection under this Security Instrument, then the Insurance Proceeds will be used to reduce the amount that I owe to Lender under this Security Instrument. Such Insurance Proceeds will be applied in the order provided for in Section 2. If any of the Insurance Proceeds remain after the amount that I owe to the Lender has been paid in full, the remaining Insurance Proceeds will be paid to me (*id.*, ¶ 30).

Plaintiff alleges that the Bank breached Paragraph 5 by (1) failing to "inspect the repairs done by [Plaintiff] on her home after each of the loss events ... ," and (2) refusing to endorse the checks (*id.*, ¶ 31). Plaintiff further claims that as a consequence of the Bank's alleged breach of Paragraph 5, she "suffered economic damages, compensatory damages, lost income, relocation costs, debris removal costs, construction and design and municipal fee costs, labor and materials costs, and extreme emotional distress directly and adversely impacting her already fragile health" (*id.*, ¶ 32).

Plaintiff's second cause of action alleges that Wells Fargo breached its "duty of good faith and fair dealing with regard to Plaintiff' (*id.*, ¶ 35). The Complaint asserts that Wells Fargo, as a Mortgage Company operating in the State of New York, has "an implied duty of good faith and fair dealing in its contractual relationships with its borrowers" (*id.*, ¶ 34). The Complaint alleges that the Bank breached that implied duty when it (1) failed to inspect the Property, and (2) refused to endorse the checks (*id.*, ¶ 35). The second cause of action alleges the same damages as the first cause of action (*id.*, ¶ 36).

The third cause of action alleges Wells Fargo violated G.B.L. § 349(a) by disregarding its "duty to refrain from engaging in deceptive acts or practices in the conduct of its business in New York" (*id.*, ¶ 38). The pleading claims that the Bank "deceived Plaintiff by entering into a

Mortgage without any intention of abiding by the terms of that Mortgage" (*id.*, ¶ 39).

Specifically, the Complaint asserts that the Bank "never had any intention of applying the

insurance proceeds … as required under its Mortgage" (*id.*, ¶ 39). The third cause of action

states that, under G.B.L. § 349(h), Plaintiff has a private right of enforcement against Wells

Fargo, (*id.*, ¶ 42), and alleges the same damages as the first two causes of action. In addition, the

Complaint alleges that "if the court finds that Wells Fargo willfully or knowingly violated GBL

§ 349(a), Plaintiff is entitled to an award of three times her actual damages" (*id.*, ¶ 43).

***Defendant's Motion***

Wells Fargo now moves pursuant to Fed. R. Civ. P. 12(b)(6) to dismiss these three causes

of action. In its Memorandum of Law in Support of its Motion ("Bank's Memo"), Wells Fargo

raises three points, each of which relates to one of the three causes of action against the Bank.

First, with respect to the breach of contract claim, Wells Fargo essentially argues that Plaintiff

has not satisfied a condition precedent to the Bank's performance of its obligations under

Paragraph 5. Quoting a provision of Paragraph 5 which is not quoted in the Complaint and

which requires Plaintiff to notify the Bank if there is damage to the Property, the Bank argues

that "Plaintiff does not allege in the … Complaint that she ever notified Wells Fargo of the

damage to the Property" (Bank's Memo at 6 (ellipsis added)) Without citing to any particular

provision of the Mortgage, the Bank asserts that such notice would have "triggered the creation

of a hazard claim file" and that "[o]nce a hazard claim was established, insurance proceeds

would have been deposited into escrow and disbursed consistent with the terms of Paragraph 5"

(*id.*). The Bank notes that Paragraph 5 permits the bank to "hold any insurance proceeds until

after it has had an opportunity to inspect the Property to verify that the repair work has been

completed to [its] satisfaction," (*id.* (quoting Paragraph 5)) (brackets added), and argues that,

"Wells Fargo's alleged 'failure' to inspect the property stems from Plaintiff's own failure to notify Wells Fargo of the damages and file a hazard claim with Wells Fargo" (*id.*).

With respect to the second cause of action, the Bank argues that Plaintiff's claim for breach of the covenant of good faith and fair dealing fails because it is duplicative of her breach of contract claim. The Bank asserts that the essence of Plaintiff's second cause of action "is that Wells Fargo *breached the contract*," and that this claim is, therefore, "duplicative." (*id.* at 7 (emphasis in the original)). The Bank does not provide any further analysis, other than to cite to two New York State cases in which causes of action for breach of the implied covenant of good faith and fair dealing were dismissed as duplicative (*id.*).

With respect to the third cause of action, the Bank argues that G.B.L. § 349 is a "consumer protection statute directed at wrongs against the consuming public" rather than specific individuals (*id.* (internal quotations omitted)). Citing to cases for the proposition that "[p]rivate contract disputes, unique to the parties ... [do] not fall within the ambit of the statute," (*id.* (brackets and ellipses in original; internal citations omitted)), the Bank argues that the Complaint "lacks any allegation of any wrong directed at the consuming public, as opposed to a single-shot allegation of conduct directed at Plaintiff." (*id.* at 8 (internal quotations omitted)). The Bank concludes that Plaintiff's third cause of action fails as a matter of law.

### *Plaintiff's Opposition Papers*

In her Memorandum of Law In Opposition to Wells Fargo's Motion to Dismiss ("Plaintiff's Memo"), Plaintiff does not address the Bank's second and third arguments, but addresses Wells Fargo's first argument, regarding Plaintiff's duty to provide notice to the Bank (Plaintiff's Memo at 4.) Plaintiff advances three arguments of her own. First, citing to a federal case, *Burrell v. State Farm and Casualty Co.*, 226 F. Supp. 2d 427 (S.D.N.Y. 2002)—which,

Plaintiff alleges, interprets a notice provision in a supposedly similar mortgage—Plaintiff argues that she did not violate "either the spirit or the letter" of Paragraph 5's notice requirements because she gave notice to the Insurers (Plaintiff's Memo at 4.)[1] Second, relying on facts set forth in an affidavit executed by Plaintiff on December 4, 2013 ("Plaintiff's Affidavit"), Plaintiff argues that she made efforts to notify the Bank, but that the Bank failed to send Plaintiff the requisite forms (Plaintiff's Memo at 5). Third, Plaintiff argues that the Bank had constructive notice of damage to the Property because the devastation associated with the two hurricanes was widely reported (*id.* at 6). In support of this latter argument, Plaintiff provides an affirmation from her attorney, Shirley J. Spira (the "Spira Affirmation"), which attaches a press release issued by Wells Fargo in the wake of Hurricane Sandy. Plaintiff does not request that the motion be converted to a summary judgment, but requests that she be granted leave to re-plead if the Court finds that the allegations in the Complaint are insufficient to state a breach of contract claim (Plaintiff's Memo at 1).

### *Defendant's Reply*

In its Reply Memorandum of Law (the "Reply Memo"), the Bank argues that the express terms of Paragraph 5 require that the Bank—and not just the Insurers—be notified of damage to the Property (Reply Memo at 2). The Bank notes that Plaintiff's Affidavit and the Spira Affirmation relate solely to events following Hurricane Sandy—only one of the three events which resulted in damage to the Property (*id.* at 3). The Bank also notes that the affidavit and affirmation are not cognizable upon a motion to dismiss and urges the Court to deny Plaintiff permission to amend her complaint (*id.* at 1).

---

[1] Although Plaintiff's Memo cites to *Burrell v. State Farm Fire & Casualty Co.*, 226 F. Supp. 2d 427, 435 (S.D.N.Y. 2002) (*Burrell II*), it appears likely that Plaintiff intended to cite to *Burrell v. State Farm Fire & Casualty Co.*, No. 00 CIV. 5733(JGK), 2001 WL 797461, at *7-8 (July 12, 2001 S.D.N.Y.) (*Burrell I*), which opined that "the standard Mortgage Clause provision in the Policy .... protects [the mortgage lender]'s independent interest in the Residence if the plaintiffs failed to file a timely statement of loss."). This Court will assume Plaintiff intended to cite *Burrell I*.

## DISCUSSION

### Standards of Review

In considering a motion to dismiss pursuant to Rule 12(b)(6), a court must accept all

factual allegations in the complaint as true, and draw all reasonable inferences in the plaintiff's

favor. *See Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007). However, "the tenet that a

court must accept as true all of the allegations contained in a complaint is inapplicable to legal

conclusions" or "[t]hreadbare recitals of the elements of a cause of action, supported by mere

conclusory statements." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). To survive a motion to

dismiss, a complaint must allege sufficient facts "to state a claim to relief that is plausible on its

face." *Twombly*, 550 U.S. at 570. If a party has not "nudged [his] claims across the line from

conceivable to plausible, the[] complaint must be dismissed." *Id.* at 570. Even if the complaint

does not plausibly state a claim to relief, the court must grant leave to amend the complaint if a

liberal reading of the pleading "gives any indication that a valid claim might be stated." *Cuoco

v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000); *See also Gomez v. USAA Fed. Sav. Bank*, 171

F.3d 794, 795 (2d Cir. 1999).

When considering a Rule 12(b)(6) motion, materials outside the pleadings are "generally

not considered ... unless the court treats [the motion] as one for summary judgment, giving all

the parties a reasonable opportunity to present relevant evidence under Rule 56." *Nicholls v.

Brookdale Univ. Hosp. Med. Ctr.*, No. 03–CV–6233 (JBW), 2004 WL 1533831, at *2 (E.D.N.Y.

July 9, 2004) (brackets added). Aside from the allegations in the complaint, which are assumed

to be true, a court can consider only "documents attached to the complaint as an exhibit or

incorporated in it by reference, ... matters of which judicial notice may be taken, or ...

documents either in plaintiffs' possession or of which plaintiffs had knowledge and relied on in

bringing suit." *Brass v. Am. Film Techs., Inc.*, 987 F.2d 142, 150 (2d Cir. 1993). If matters outside the pleadings are presented to and not excluded by the court, the motion must be treated as one for summary judgment and all parties must be given a reasonable opportunity to present material pertinent to the motion. Fed. R. Civ. P. 12(d).

In support of its motion in this case, the Bank has submitted a declaration executed by one of its attorneys, Brian S. McGrath. The McGrath Declaration attaches as Exhibit D the entire Mortgage Agreement between Plaintiff and Wells Fargo, dated September 28, 2007, and recorded on November 16, 2007. The Bank's first argument relies on portions of Paragraph 5 which are contained in Exhibit D, but which are not quoted in the Complaint.

Although the Complaint does not attach a copy of the Mortgage, a court may nevertheless take a document which is "integral to the complaint" and upon which it solely relies into consideration in deciding a defendant's motion to dismiss, without converting the proceeding to one for summary judgment. *See Int'l Audiotext Network, Inc. v. Am. Tel. & Tel. Co.*, 62 F.3d 69, 72 (2d Cir. 1995). Since the Complaint relies on the terms of the Mortgage and that document is integral to Plaintiff's pleadings, this Court will consider the entirety of the Mortgage in deciding the instant motion.

### *The Breach of Contract Claim*

The Bank's first point can be read as advancing two similar, but distinct, arguments. First, the Bank's observation that the "Complaint makes no allegations that [the notice] ... requirement was satisfied," Bank's Memo at 6 (brackets and ellipses added), could be construed as arguing that the first cause of action must be dismissed because Plaintiff failed to adequately plead performance of a condition precedent. Second, the Bank appears to argue that the allegations in the Complaint itself establish that Wells Fargo did not breach Paragraph 5.

9

Before addressing these two arguments, this Court notes that the Bank provides no authority for its assertion that notification "of damage to the Property ... would have triggered the creation of a hazard claim file" and that "[o]nce a hazard claim was established, insurance proceeds would have been deposited into escrow and disbursed consistent with the terms of Paragraph 5." Bank's Memo at 6. There is nothing in the Mortgage itself about "hazard claim files," and nothing that specifies that such a hazard claim must be established before Insurance Proceeds are released. As Plaintiff suggests in citing to *Burrell I*, the purpose of the notification requirement may simply be to enable the Bank to ensure that a timely claim is filed with entities insuring the Property. *See Burrell I*, 2001 WL 797461, at * 7-8.

Even assuming that notification is a condition precedent, however, the Bank's arguments with respect to the first cause of action are unpersuasive. First, Plaintiff is not required to specifically allege in the Complaint that she notified Wells Fargo of damage to the Property. *See* Fed. R. Civ. P. 9(c). Rule 9(c) of the Federal Rules of Civil Procedure provides: "In pleading conditions precedent, it suffices to allege generally that all conditions precedent have occurred or been performed. But when denying that a condition precedent has occurred or been performed, a party must do so with particularity." Fed. R. Civ. P. 9(c). Accordingly, it is clear that Plaintiff did not have to plead that she performed conditions precedent with any specificity.

Moreover, it is unclear whether Plaintiff needs to plead performance or occurrence of conditions precedent at all. As Judge Spatt has noted, "courts in this Circuit have been inconsistent with regard to whether a claimant must plead performance or occurrence of conditions precedent." *Mendez v. Bank of America Home Loans Servicing, LP*, 840 F. Supp. 2d 639, 648 (E.D.N.Y. 2012). Some courts have interpreted Rule 9(c) as requiring a plaintiff to "allege generally that all conditions precedent have occurred or been performed," while others—

including *Mendez*—have ruled that "[t]he language of ... 9(c) does not expressly require that the performance or occurrence of conditions precedent be pleaded," but "merely describes how performance or occurrence of conditions precedent is to be pleaded." *Id.* at 647 (citing cases); *see Jeda Capital-56, LLC v. Lowe's Home Centers, Inc.*, No. 5:12-cv-419 (LEK/DEP), 2013 WL 5464647, at * 5 (N.D.N.Y. Sept. 30, 2013) ("Courts in the Second Circuit have been inconsistent as to whether Rule 9(c) requires plaintiffs to affirmatively plead performance of conditions precedent ...."). The Second Circuit has not resolved this split in authority. Since the Bank does not specifically address the question of whether a plaintiff must plead performance or occurrence of conditions precedent, it seems unlikely that the Bank meant to raise this thorny issue. Even assuming it did, the Court declines to address it in the absence of any briefing by the parties.

This Court also declines to dismiss this action on the ground that the Complaint's own allegations fail to establish a breach of Paragraph 5. The Bank essentially asserts that it is not obligated to release Insurance Proceeds until it inspects the Property to verify that the repair work has been satisfactorily completed and that it is not obligated to inspect the Property until it receives formal notice from the mortgagor. The Bank then reasons that its "alleged 'failure' to inspect the [P]roperty stems from Plaintiff's own failure to notify Wells Fargo ..." Bank's Memo, p. 6 (brackets and ellipses added).

Even assuming, *arguendo*, that the Bank's assertions are correct, this argument is predicated on the fact that Plaintiff never notified the Bank. As the Bank's Memo itself acknowledges, the Complaint is silent on the issue of whether Plaintiff ever notified Wells Fargo. (Bank's Memo at 6) ("Plaintiff does not allege in the ... Complaint that she ever notified Wells Fargo of the damage to the Property.") Accordingly, in arguing that Plaintiff failed to provide

11

adequate notice, the Bank would have to rely on facts outside the pleadings, which cannot be considered upon a motion to dismiss. *Nicholls*, 2004 WL 1533831, at *2.

To be sure, Plaintiff herself has introduced evidence of the steps she took to notify the Bank of damage to the Property. In its Reply, the Bank tacitly urges the Court to consider the facts contained in Plaintiff's Affidavit and the Spira Affirmation and to determine that the notice was inadequate. However, if this Court were to consider "matters outside the pleadings," this Court would have to treat the Bank's motion "as one for summary judgment under Rule 56." Fed. R. Civ. P. 12(d).

It would be inappropriate to convert the instant motion into a motion for summary judgment at this juncture. As noted above, it is unclear whether notice to the Bank constitutes a condition precedent. Since the terms of Paragraph 5 appear ambiguous, the parties may need to introduce extrinsic evidence with respect to this issue. Accordingly, the Bank's motion to dismiss for failure to state a claim is denied as to the first cause of action.

### Plaintiff's Breach of the Covenant of Good Faith and Fair Dealing Claim

Although the Bank's arguments for dismissing Plaintiff's second and third causes of action are unopposed, the Court is nevertheless required to review the merits of these arguments. *See McCall v. Pataki*, 232 F.3d 321, 323 (2d Cir. 2000) ("If a complaint is sufficient to state a claim on which relief can be granted, the plaintiff's failure to respond to a Rule 12(b)(6) motion does not warrant dismissal."); *Foster v. Phillips*, No. 03 CIV 3629 MBM DF, 2005 WL 2978686, at *3 (S.D.N.Y. Nov. 7, 2005) ("where a Rule 12(b) motion has not been opposed, this Court must review the merits of the motion and determine whether the movant has carried its burden."). The Court must, therefore, address the Bank's second argument, which seeks to

dismiss Plaintiff's breach of the covenant of good faith and fair dealing claim on the grounds that it is duplicative of the breach of contract claim.

"In New York, all contracts imply a covenant of good faith and fair dealing in the course of performance." *511 W. 232nd Owners Corp. v Jennifer Realty Co.*, 98 N.Y.2d 144, 153, 773 N.E.2d 496, 500 (N.Y. 2002) (citing cases). That covenant "embraces a pledge that 'neither party shall do anything which will have the effect of destroying or injuring the right of the other party to receive the fruits of the contract.'" *Id.* (quoting cases). "However, this covenant only applies where an implied promise is so interwoven into the contract 'as to be necessary for effectuation of the purposes of the contract.'" *Thyroff v. Nationwide Mut. Ins. Co.*, 460 F.3d 400, 407 (2d Cir. 2006) (quoting *M/A–COM Sec. Corp. v. Galesi*, 904 F.2d 134, 136 (2d Cir. 1990)). "For this to occur, a party's action must directly violate 'an obligation that may be presumed to have been intended by the parties.'" *Id.* at 407-08 (quoting *Galesi*, 904 F.2d at 136).

The implied covenant "can only impose an obligation 'consistent with other mutually agreed upon terms in the contract,'" and "does not 'add [ ] to the contract a substantive provision not included by the parties.'" *Broder v. Cablevision Systems Corp.*, 418 F.3d 187, 198-99 (2d Cir. 2005) (citations omitted). "New York law does not recognize a separate claim for breach of the implied duty of good faith and fair dealing based on the same facts as a claim for breach of contract." *McGee v. State Farm Mut. Auto. Ins. Co.*, No. 09 Civ. 3579 (ILG)(RLM), 2011 WL 5409393, at *8 (E.D.N.Y. Nov. 8, 2011). In such circumstances, a breach of the duty of good faith and fair dealing "is merely a breach of the underlying contract." *Fasolino Foods Co. v. Banca Nazionale del Lavoro*, 961 F.2d 1052 (2d Cir. 1992) (quoting *Geler v. Nat'l Westminster Bank USA*, 770 F. Supp 210, 215 (S.D.N.Y. 1991)).

13

In the instant matter, Plaintiff alleges the same facts and conduct for the breach of the covenant of good faith and fair dealing claim as she does for the breach of contract claim. Both claims allege that the Bank: (1) failed to inspect her Property for satisfactory repairs and (2) subsequently refused to endorse checks made jointly payable to Plaintiff and Wells Fargo. Complaint, ¶ 31, ¶ 35. Since the breach of covenant claim is "based on the same facts as [the] claim for breach of contract," Plaintiff cannot maintain a separate claim for breach of the implied covenant of good faith and fair dealing. *See McGee*, 2011 WL 5409393, at *8. Accordingly, the second cause of action is dismissed as duplicative of the first.

### *Plaintiff's Violation of New York General Business Law § 349 Claim*

Plaintiff's third cause of action asserts a claim under G.B.L. § 349, New York's Deceptive Practices Act. G.B.L. § 349 expressly prohibits "[d]eceptive acts or practices in the conduct of any business, trade or commerce or in the furnishing of any service in this state ...." G.B.L. § 349(a). In order "[t]o make out a prima facie case under Section 349, a plaintiff must demonstrate that (1) the defendant's deceptive acts were directed at consumers, (2) the acts are misleading in a material way, and (3) the plaintiff has been injured as a result." *Maurizio v. Goldsmith*, 230 F.3d 518, 521 (2d Cir. 2000) (quoting *Oswego Laborers' Local 214 Pension Fund v. Marine Midland Bank*, 85 N.Y.2d 20, 25 (N.Y. 1995)). If a plaintiff fails to show that the deceptive acts were directed at consumers at large, the action under G.B.L. § 349 must fail. As the New York Court of Appeals has noted, "[p]rivate contract disputes, unique to the parties, for example, would not fall within the ambit of the statute." *Oswego Laborers' Local*, 85 N.Y.2d at 25.

While the Complaint correctly notes that G.B.L. § 349(h) provides a private right of enforcement, a plaintiff still must show that the deceptive practices were not just directed at her, but at a class of similarly situated consumers. *See Oswego Laborers' Local*, 85 N.Y.2d at 25 (a plaintiff "must demonstrate that the acts or practices have a broader impact on consumers at large."). Here, Plaintiff alleges that the Bank violated G.B.L. § 349 by "entering into *a* Mortgage without any intention of abiding by the terms of *that* Mortgage." (Complaint, ¶ 39) (emphasis added). As noted by the Bank, nowhere in the Complaint does Plaintiff allege that Wells Fargo engaged in deceptive practices aimed at the consuming public. Accordingly, the Complaint fails to state a claim under G.B.L. § 349, and is dismissed as a matter of law.

## CONCLUSION

For the reasons set forth above, Wells Fargo's motion to dismiss is granted to the extent of dismissing Plaintiff's second and third causes of action. The motion is denied with respect to the first cause of action, alleging breach of contract. Wells Fargo shall file an answer to the Complaint within 14 days after the entry of this Memorandum and Order. *See* Fed. R. Civ. P. 12(a)(4)(A).

**SO ORDERED.**

_____
SANDRA L. TOWNES
United States District Judge

Dated: September    , 2014
       Brooklyn, New York

While the Complaint correctly notes that G.B.L. § 349(h) provides a private right of enforcement, a plaintiff still must show that the deceptive practices were not just directed at her, but at a class of similarly situated consumers. *See Oswego Laborers' Local*, 85 N.Y.2d at 25 (a plaintiff "must demonstrate that the acts or practices have a broader impact on consumers at large."). Here, Plaintiff alleges that the Bank violated G.B.L. § 349 by "entering into *a* Mortgage without any intention of abiding by the terms of *that* Mortgage." (Complaint, ¶ 39) (emphasis added). As noted by the Bank, nowhere in the Complaint does Plaintiff allege that Wells Fargo engaged in deceptive practices aimed at the consuming public. Accordingly, the Complaint fails to state a claim under G.B.L. § 349, and is dismissed as a matter of law.

## CONCLUSION

For the reasons set forth above, Wells Fargo's motion to dismiss is granted to the extent of dismissing Plaintiff's second and third causes of action. The motion is denied with respect to the first cause of action, alleging breach of contract. Wells Fargo shall file an answer to the Complaint within 14 days after the entry of this Memorandum and Order. *See* Fed. R. Civ. P. 12(a)(4)(A).

**SO ORDERED.**

S/

/SANDRA L. TOWNES
United States District Judge

Dated: September 26, 2014
Brooklyn, New York

15